### B. A. Dunn v. The State.

No. 10763.   Delivered October 19, 1927.

**1.—Contributing to Delinquency of a Child—Statute Construed.**

Under Art. 534, P. C. 1925, the offense denounced can only be constituted when the child at the time of the contributing to his delinquency, is shown to be a delinquent child.

**2.—Same—Requested Charge—Improperly Refused.**

It was therefore error for the trial court to refuse appellant's special charge to the effect that unless they found from the testimony that said child at the date charged was a delinquent child, they should acquit.

Appeal from the County Court at Law No. 1 of Dallas County. Tried below before the Hon. Paine L. Bush, Judge.

Appeal from a conviction for contributing to the delinquency of a child, penalty one year in the county jail.

The opinion states the case.

*Oscar H. Calvert* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for contributing to the delinquency of a child, punishment one year in the county jail and a fine of five hundred dollars.

Appellant is convicted under Art. 534, 1925 P. C.   He makes the point that under the terms of said article unless, at the time of the alleged acts, the child in question was already a delinquent child, there could be no violation of said statute.   He presented to the trial court a special charge, which was refused, in which he sought to have the jury told that unless they found from the testimony that said child, at the date charged, was a delinquent child, they should acquit.

The record before us, if the state's evidence be true, presents a case of much depravity, and it is with reluctance that we are

forced to say in our opinion that the trial court erred in refusing to give the special charge asked.

Art. 534, supra, plainly provides that in all cases when a child is a "delinquent child" or a "neglected or dependent child," as defined in the statutes of this state, if its parent, guardian, or the person having custody of, or responsible for "such child" encourages, causes or contributes to the delinquency or dependency of "such child;" or if any other person encourages, causes or contributes to the delinquency or dependency of "such child," such person shall be punished as provided. The second paragraph of said article defines "delinquency" as meaning any act which tends to debase or injure the morals, health or welfare of "such child," and specifically includes the use of tobacco in any form, drinking intoxicating liquor, etc. That the legislative purpose was to make punishable any person who aids or encourages or causes any child to indulge in such practices as are mentioned in said article, may be plausibly argued, and this may be true, but if such was the purpose, the legislature did not use language so indicating. The words used are "In all cases when any child shall be a "delinquent child" or a "neglected or dependent child;" and each provision of said article pointedly relates to "such child." We are not at liberty to write into the statutes anything merely because in our opinion same ought to be there. We must take the law as we find it. Endeavoring so to do, we are compelled to hold that the trial judge erred in refusing the special charge asked, and that for this error the case must be reversed, and it is so ordered.

*Reversed and remanded.*